# United States Court of Appeals

## For the First Circuit

No. 07-2796

UNITED STATES OF AMERICA,

Appellee,

v.

RAFAEL VASQUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Lynch, Chief Judge,

Boudin and Lipez, Circuit Judges.

Kevin J. Reddington for appellant.
Sara Miron Bloom, Assistant United States Attorney, with whom
Michael J. Sullivan, United States Attorney, was on brief for
appellee.

October 8, 2008

**BOUDIN**, <u>Circuit Judge</u>. Rafael Vasquez appeals from his conviction for drug and gun offenses. Based on evidence at the suppression hearing and trial, a brief sketch of the background events is as follows.

On December 13, 2005, acting on a tip regarding a likely drug delivery, police officers stopped a car near the parking lot of a restaurant in Fall River, Massachusetts, and ordered the occupants to exit. As Vasquez exited from the passenger side, he told the officers that he had a gun, which they took from him. The female driver, exiting from the other side, dropped a plastic bag seemingly containing drugs; and Vasquez shouted that the crack belonged to him and that the driver had nothing to do with it.

Vasquez was charged with possession of cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1) (2000), possession of a firearm in relation to a crime of drug trafficking, 18 U.S.C. § 924(c)(1)(A) (2000), and being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1) (2000). A jury convicted Vasquez on all three counts, and he was sentenced to concurrent five year terms for the first and third offenses, and a consecutive five years for the second offense, as required by 18 U.S.C. § 924(c)(1)(A). This appeal followed.

Vasquez's principal argument on appeal is that the district court should have suppressed his statements acknowledging that the drugs were his, his admission that he possessed the gun

-2-

and the gun itself.  He says that no reasonable suspicion justified a stop of the car, nor did probable cause exist to warrant what he characterizes as a de facto arrest.  Following a suppression hearing prior to trial, the judge had refused to suppress the evidence, finding that a reliable informant's tip and the officers' observation of suspicious activity during surveillance provided adequate justification for the officers' actions.

The district judge credited the testimony of Detective Jacob, who testified at the suppression hearing as to the origin of the tip; that finding is reviewed only for clear error,[1] and Vasquez does not contest it.  Jacob said that the tip was received by an informant; that the informant had provided reliable information to him personally as to drug deals in August, September and October 2005; and in each instance a search warrant issued and the suspects were convicted.

The district court also ruled that although the informant had himself been arraigned in early September 2005 for forgery and writing false checks, he remained "clearly reliable" as an informant, two of the three earlier tips having been furnished

---

[1]United States v. Jones, 523 F.3d 31, 36 (1st Cir. 2008) ("When considering challenges to a district court's denial of a motion to suppress, we ordinarily review findings of fact for clear error and conclusions of law de novo."); United States v. Cunningham, 201 F.3d 20, 28 (1st Cir. 2000) ("[I]n absence of clear error, credibility assessments 'are exclusively within the province of the sentencing court.'") (quoting United States v. Olivier-Diaz, 13 F.3d 1, 4 (1st Cir. 1993))).

after the arraignment. A sufficiently specific tip from an informant of proven reliability can establish probable cause for an arrest, not merely a Terry stop. United States v. Link, 238 F.3d 106, 109-10 (1st Cir. 2001). Given his accurate tips, the informant's own criminal background did not prevent the police from reasonably relying upon his information. See United States v. Brown, 500 F.3d 48, 54-56 (1st Cir. 2007).

Further, the informant had said that a Hispanic man named "Raffe"--about 30 years old with black hair--would be driven by a female driver in a white Toyota Corolla to the parking lot in order to deliver a package of crack cocaine. Just before the arrest, the defendant had entered the parking lot in a white Toyota Corolla, driven by a woman. This, of course, tended to "corroborate that certain events had taken place exactly as the [confidential informant] had predicted." Brown, 500 F.3d at 56.

Finally, the police testified that the car's driving pattern was unusual: the car drove slowly around the parking lot as Vasquez and the driver peered into the parked cars, the car exited the lot without stopping, drove onto a highway, and then immediately turned off it and returned to the street next to the parking lot. It was at this point that the police, now having more than ample probable cause, halted the car, ordered the passengers out and secured the gun and drugs.

Vasquez makes several other preserved arguments, but none requires much comment. The district court refused to dismiss a juror who said that he supported gun control laws but could be impartial. Such rulings are reviewed for abuse of discretion, see United States v. Martí-Lón, 524 F.3d 295, 300 (1st Cir. 2008), and there is no indication of any such abuse in this instance. Further, the juror turned out to be an alternate and was dismissed before deliberations began.

Vasquez also says that the evidence was insufficient to show that the gun he surrendered at his arrest was carried during and in relation to a drug trafficking crime. Although the argument was preserved by motion for acquittal, Vasquez clearly brought the gun to the scene with the drugs, and the jury was entitled to conclude that the gun had sufficient "potential of facilitating" the drug trafficking offense for which Vasquez was convicted. Smith v. United States, 508 U.S. 223, 238 (1993) (quoting United States v. Stewart, 779 F.2d 538, 540 (9th Cir. 1985)). No more is required.

The remaining claims of error--for example, challenging supposed errors in the jury instructions--were not preserved. We have examined each under the demanding plain error standard applicable in such cases, United States v. Olano, 507 U.S. 725 (1993), but find that none even comes close. Defense counsel on appeal is entitled to search the record for such unpreserved claims

and call such claims to our attention, but they do not in this instance warrant separate discussion.

Affirmed.